[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 31, 2006
THOMAS K. KAHN
CLERK

No. 05-15545
Non-Argument Calendar
_____

BIA No. A78-863-028

YAN JIN ZAO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(July 31, 2006)**

Before DUBINA, HULL and WILSON, Circuit Judges.

PER CURIAM:

Yan Jin Zao seeks review of the Board of Immigration Appeals' ("BIA")

decision affirming the immigration judge's ("IJ") order of removal and denial of

asylum and withholding of removal under the Immigration and Nationality Act

("INA"), see 8 U.S.C. §§ 1158, 1231,  and the United Nations Convention Against

Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment

("CAT"), see 8 C.F.R. § 208.16(c).  On appeal, Zao argues that substantial

evidence does not support the IJ's adverse credibility finding and the denial of her

applications for asylum and withholding of removal.  Because substantial evidence

supports the IJ's determinations, we deny Zao's petition.

## I.  Standard of Review

When the BIA issues a decision, we review only that decision, except to the

extent the BIA expressly adopts the IJ's decision.  *Al Najjar v. Ashcroft*, 257 F.3d

1262, 1284 (11th Cir. 2001).  "Insofar as the [BIA] adopts the IJ's reasoning, we

will review the IJ's decision as well." *Id.*  Here, the BIA affirmed the IJ's findings

and briefly commented on the IJ's credibility determination.  Therefore, we will

review the decisions of the IJ and BIA.

To the extent that the IJ's and the BIA's decisions were based on legal

determinations, our review is de novo.  *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d

814, 817 (11th Cir. 2004).  The IJ's and BIA's factual determinations are reviewed

under the substantial evidence test, and we "must affirm the BIA's decision if it is

supported by reasonable, substantial, and probative evidence on the record

2

considered as a whole." *Al Najjar*, 257 F.3d at 1283-84 (quotations and citations omitted). Therefore, a finding of fact will be reversed "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal . . . ." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 1035, 125 S. Ct. 2245, 161 L. Ed. 2d 1063 (2005). Likewise, a credibility determination is reviewed under the substantial evidence test, and "this court may not substitute its judgment for that of the BIA with respect to credibility findings." *D-Muhumed*, 388 F.3d at 818.

## II. Adverse Credibility Finding

Zao argues that the IJ's adverse credibility determination was erroneous because the IJ improperly relied on statements from Zao's airport interview to impeach Zao's hearing testimony. Citing caselaw from the Second Circuit, Zao contends that, before relying on the airport statement, the IJ had to conduct an analysis to determine that statement's reliability. She maintains that the IJ failed to conduct such an analysis, and, thus, the IJ's reliance on the airport statement and ultimate credibility determination were erroneous.

The testimony of an applicant, if found to be credible, is alone sufficient to establish eligibility for asylum. *Id.* at 818-19. However, inconsistent or embellished testimony could lead to an adverse credibility finding. *Dailide v. U.S. Att'y Gen.*, 387 F.3d 1335, 1343 (11th Cir. 2004) (affirming the BIA's adverse

3

credibility determination, which was based upon its finding that the applicant's testimony conflicted with his answers to interrogatories, affidavit, deposition, and other documentary evidence). Although uncorroborated but credible testimony may be sufficient to sustain an applicant's burden of proving eligibility for asylum, "[t]he weaker an applicant's testimony [] the greater the need for corroborative evidence." *Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005). However, "an adverse credibility determination does not alleviate the IJ's duty to consider other evidence produced by an asylum applicant," and the IJ must provide "specific, cogent reasons" for her credibility finding. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005).

Here, the IJ set forth specific, cogent reasons for her adverse credibility finding. The IJ based her adverse credibility finding in part on inconsistencies and omissions found in Zao's airport sworn statement. Zao argues that the IJ did not assess the reliability of the airport statement before concluding that it accurately represented Zao's statements. Zao cites *Ramsameachire v. Ashcroft*, a Second Circuit decision, to support her argument that the IJ must evaluate several factors to determine if an alien was entirely forthcoming in an initial interview. 357 F.3d 169, 180 (2004).[1] We have never held that it is reversible error for an IJ to fail to

---

[1] The Second Circuit adopted the following factors:
First, a record of the interview that merely summarizes or paraphrases the alien's statements is inherently less reliable than a verbatim account or transcript.

4

evaluate an airport statement using these factors. Furthermore, Zao presents no argument that her airport statement was unreliable in light of these factors, and nothing in the record suggests that her airport statement is not sufficiently reliable.

Given the inconsistencies and omissions throughout the record and Zao's failure to provide additional corroborative evidence, the IJ's adverse credibility finding is supported by substantial evidence.

### III. Asylum and Withholding of Removal

Zao argues on appeal that the IJ's denial of her applications for asylum and withholding of removal were not supported by substantial evidence because the IJ based those denials on the credibility determination, which Zao argues was erroneous. Zao further maintains that no reasonable factfinder would have concluded that Zao did not have a well-founded fear of future persecution if returned to China.

As an initial matter, Zao did not raise her claim for CAT relief in her appeal before the BIA or in her brief before this Court. Therefore, Zao abandoned that

---

Second, similarly less reliable are interviews in which the questions asked are not designed to elicit the details of an asylum claim, or the INS officer fails to ask follow-up questions that would aid the alien in developing his or her account. Third, an interview may be deemed less reliable if the alien appears to have been reluctant to reveal information to INS officials because of prior interrogation sessions or other coercive experiences in his or her home country. Finally, if the alien's answers to the questions posed suggest that the alien did not understand English or the translations provided by the interpreter, the alien's statements should be considered less reliable.

*Id.* at 180 (citations and quotations omitted).

issue.  *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (per curiam) (holding that, where an appellant fails to raise arguments regarding an issue on appeal, that issue is deemed abandoned).

To establish eligibility for asylum, an applicant has the burden of proving that he is a "refugee," which is defined as:

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . .

8 U.S.C. §§  1101(a)(42)(A), 1158(b)(1); *Forgue*, 401 F.3d at 1286 (applicant has the burden).

Additionally, to establish asylum eligibility through a well-founded fear, an applicant must prove that his statutorily protected status will cause harm or suffering that rises to the level of persecution.  *Forgue*, 401 F.3d at 1286.  "In order to demonstrate a sufficient connection between future persecution and the protected activity, an alien is required to present specific, detailed facts showing a good reason to fear that he or she will be *singled out* for persecution on account of such a protected activity."  *Id.* (quotation and citation omitted).  "Establishing a history of past persecution creates a presumption that an alien has a well-founded

6

fear of future persecution, although that presumption can be rebutted by the government." *Id.*; *see also* 8 C.F.R. § 208.13(b)(1).

In finding that a petitioner had not carried his burden to show his eligibility for asylum, we have recently held that, where a petitioner was detained unharmed for five days and terminated from his employment because he practiced Falun Gong, he had not sufficiently shown past persecution. *Zheng v. U.S. Att'y Gen.*, 11th Cir. 2006, __ F.3d __, (No. 05-12818, June 14, 2006) (per curiam). We further found that the petitioner in *Zheng* did not establish a well-founded fear of future persecution because the petitioner could relocate within China, and, moreover, the 2002 Country Report indicated that the Chinese government generally reserved the harshest punishment for Falun Gong leaders, which the petitioner was not. *Id.*

Here, the IJ's credibility determination is supported by substantial evidence. Moreover, the remaining record evidence does not compel reversal. *See Adefemi*, 386 F.3d at 1027. Even if Zao's testimony had been credible, we agree with the IJ that Zao's name being on a blacklist and that the police were looking for her do not rise to the level of persecution sufficient for asylum. Additionally, the evidence that (1) Zao's parents and sister remain safely in China, (2) the 2004 Country Report indicated that Falun Gong "core leaders" received particularly harsh treatment, and (3) Zao did not indicate that she was a "core leader" of the Falun

7

Gong, suggests that Zao cannot establish a well-founded fear of future persecution if she returned to China. Therefore, the IJ's determination that Zao did not establish her eligibility for asylum is also supported by substantial evidence. An applicant who is unable to meet the standard for asylum is also unable to meet the more stringent standard for withholding of removal. *Huang v. U.S. Att'y Gen.*, 429 F.3d 1002, 1011 (11th Cir. 2005) (per curiam). Because Zao failed to meet the asylum standard, her claim for withholding of removal must fail as well.

Accordingly, we deny the petition for review.

**PETITION DENIED.**